# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

ROBERT L. ROSE,

    Plaintiff,

v.                                                      Civil Action No.  3:07CV53
                                                           (BAILEY)

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert (Doc. 18), the plaintiff's objections (Doc. 19), and the defendant's response (Doc. 20). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections permits the district court to review the recommendation under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **See Webb v. Califano,** 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to those portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the option of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 18)** should be, and is, **ORDERED ADOPTED**.

On May 2, 2007, the plaintiff filed his Complaint (Doc. 1) seeking judicial review of an adverse decision by the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3). By standing order of the Court, this case was referred to the United States Magistrate Judge James E. Seibert, for proposed findings of fact and a recommended disposition. Thereafter, the parties filed their respective motions for summary judgment. In support of his motion, plaintiff contends that the Administrative Law Judge (ALJ) erred in failing to find that plaintiff's borderline intellectual function (BIF) and cervical spine defects qualified as severe impairments. In addition, the plaintiff asserts that the ALJ improperly omitted limitations from carpal tunnel syndrome in formulating plaintiff's residual functional capacity (RFC), and further that, the ALJ erred in excluding plaintiff's hand and concentration limitations in the hypothetical posed to the vocational expert (VE). In response, the defendant argues that substantial evidence supports the ALJ's determination that the plaintiff is not disabled due to his ability to perform the sedentary jobs identified by the VE.

Upon consideration of the above, Magistrate Judge Seibert concluded that the ALJ properly determined the severity of plaintiff's BIF and cervical spine defects. Further, Magistrate Judge Seibert found that the ALJ properly formulated the plaintiff's RFC and the hypothetical posed to the VE. In his objections, the plaintiff takes issue with the analysis of the Magistrate Judge. Specifically, plaintiff contends that, in finding that the ALJ properly determined the severity of the plaintiff's BIF and cervical spine defects, the Magistrate Judge ignored medical evidence in the record to the contrary. Additionally, the plaintiff contends that the Magistrate Judge disregarded objective medical evidence on record in determining that the ALJ properly formulated the plaintiff's RFC and the hypothetical posed

to the VE.

In evaluating defendant's first objection, that the Magistrate Judge erred in upholding the determination of the ALJ regarding the severity of plaintiff's BIF, the Court concurs with the finding of the Magistrate Judge. Specifically, the plaintiff relies on the results of two evaluations (one performed by consulting DDS psychologist Holloway, M.S., finding a Full Scale IQ score of 67 and one performed by Michael Morello, M.S., finding a Full Scale IQ score of 72) to argue that the plaintiff lacked the ability to carry out an ordinary work routine, and therefore, that plaintiff's BIF should have been found to be a severe impairment. However, the Court notes that psychologist Holloway's Full Scale IQ determination was qualified by her statement that the "results are not considered valid and to slightly underestimate Mr. Rose's level of cognitive functioning which is felt to be within the Borderline range. External validity factors such as employment history and obtaining his driver's license by written test are consistent with this observation." (Tr. 173).

In exercising judicial review over a decision by the Commissioner of Social Security, the reviewing court may not, "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." ***Johnson v. Barnhart***, 434 F.3d 650, 653 (4th Cir. 2005) (citations omitted). Furthermore, under the regulations, an impairment is considered severe when it significantly limits the claimant's ability to perform basic work activities, whether alone or in combination with other impairments. 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a). In the context of evaluating the claimant's subjective symptoms on his ability to perform work, the ALJ must consider the extent to which the claimant's symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1592.

Despite plaintiff's arguments to the contrary, a review of record indicates that the ALJ properly considered the plaintiff's BIF in combination with plaintiff's anxiety and depressive disorders. While declining to find that "claimant's borderline level of intellectual functioning has independently and consistently imposed any significant limitations upon work-related abilities," the ALJ did note that claimant's BIF "in combination with claimant's anxiety-related and depressive symptoms . . . may have contributed to significant limitations upon the claimant's work-related abilities." (Tr. 24). Moreover, by considering plaintiff's BIF throughout the sequential analysis, despite finding the condition not severe in isolation, the ALJ properly complied with the mandates of 20 C.F.R. § 1523. As such, the Court concurs with the finding of the Magistrate Judge, that the ALJ properly determined the severity of plaintiff's BIF.

Similarly, plaintiff contends the Magistrate Judge erred in agreeing with the ALJ's determination that plaintiff's cervical spine defects did not constitute a severe impairment. Specifically, the plaintiff argues that there was insufficient evidence on the record to contradict his asserted degree of pain. As noted above, when addressing the effect of a claimant's subjective symptoms on his ability to perform work, the ALJ must consider the extent to which the claimant's symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1592.

In the case at bar, despite the evidence on the record establishing that the plaintiff suffered from degenerative disc disease, sufficient contrary medical evidence exists to support the ALJ's finding that the degree of pain and limitation alleged by the plaintiff was unfounded. Specifically, claimant's physical RFC assessments, dated December 2003 and March 2004, indicate little physical limitation on the plaintiff. (Tr. 202, 256). In addition,

following an examination in November of 2003, Dr. Sabio indicated that there were no restrictions in the range of motion of plaintiff's spine and upper and lower extremities. (Tr. 179). Furthermore, in January of 2005, Dr. Carpenter reported that an "examination of the lumbar spine reveals no evidence for compromise of the central canal. The vertebral bodies maintain their proper height and alignment with no evidence for fracture or dislocation." (Tr. 441). In recognition thereof, the Court finds that the ALJ's determination, that the plaintiff's cervical spine defects do not give rise to a severe impairment, is supported by substantial evidence.

Turning next to the ALJ's formulation of the RFC, the plaintiff asserts that the Magistrate Judge erred in finding that the RFC properly accounted for plaintiff's carpal tunnel impairments. Specifically, the plaintiff contends that sufficient medical evidence on the record supports his degree of alleged impairment, which was not taken into account by the ALJ. Initially, the Court notes that the ALJ did find that plaintiff's carpal tunnel syndrome constituted a severe impairment. However, the Court agrees with the finding of the Magistrate Judge that there is no medical evidence on the record indicating that plaintiff's carpal tunnel syndrome gives rise to limitations beyond those accommodated for in the RFC. To be sure, the Court notes that following plaintiff's November, 2003 evaluation Dr. Sabio concluded that "deep tendon reflexes were normal . . . fine manipulations were normal." (Tr. 1176). Furthermore, physical RFC assessments, dated December 2003 and March 2004, failed to indicate any manipulative limitations. (Tr. 202, 256). This medical evidence coupled with plaintiff's own testimony regarding his lifestyle, which included playing Playstation, informs the Court that the ALJ's formulation of claimant's RFC is supported by substantial evidence.

Similarly, plaintiff's final objection must also fail. That objection, takes issue with the hypothetical posed to the VE on account of the ALJ's purported failure to include limitations stemming from plaintiff's carpal tunnel syndrome and plaintiff's BIF. In the context of the sequential analysis contemplated by the regulations, the hypothetical posed to the VE must "adequately reflect" a person's impairments. ***Johnson v. Barnhart***, 434 F.3d 650, 659 (4th Cir. 2005). However, it should be noted that the hypothetical need only include those limitations supported by the record. ***Id.***

As indicated above with regard to the plaintiff's carpal tunnel limitations, the medical evidence on record, coupled with plaintiff's own testimony regarding his lifestyle, fails to establish any limitations not taken into account by the hypothetical posed to the VE. Further, plaintiff's objection regarding the inability of the hypothetical to account for limitations cause by plaintiff's BIP is similarly without merit. In posing the hypothetical to the VE, the ALJ indicated that the plaintiff would require work that is "unskilled with low stress defined as one-and-two step processes; primarily working with things rather than people." (Tr. 383, 628). This limitation is entirely in line with the medical evidence on record indicating that claimant could "at least understand, remember, and carry out 1-2 step instructions with a very low social interaction demand work setting." (Tr. 198). As such, the Court concludes that the hypothetical posed to the VE adequately reflected the claimant's properly supported limitations.

For the foregoing reasons, and those more fully stated in the Report and Recommendation of the Magistrate Judge (Doc. 18), the Court hereby **ORDERS** as follows:

1. That **Magistrate Judge's Report and Recommendation (Doc. 18)** is

hereby **ADOPTED**;

2. That **Defendant's Motion for Summary Judgment (Doc. 17) is GRANTED;** and further

3. That this case be **CLOSED and STRICKEN** and from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated: May 6, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE